UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **ERIC L. JOHNSON,** ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | |
| v. ) | CAUSE NO. 1:20-cv-00256-HAB-SLC |
| ) | |
| **ANDOVER MANAGEMENT** ) | |
| **CORPORATION,** *also known as* **IGC** ) | |
| **Residential Property Management** *doing* ) | |
| *business as* **Autumn Creek Apartments,** ) | |
| ) | |
| Defendant/Counter-Claimant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff/Counter-Defendant Eric L. Johnson filed this case against his former employer, Defendant/Counter-Claimant Andover Management Corporation, also known as IGC Residential Property Management doing business as Autumn Creek Apartments ("Andover"), alleging it discriminated against him and terminated his employment on the basis of his race and color in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981.  (ECF 2, 7).  Due to Johnson's disregard for this Court's Orders and his apparent disinterest in pursuing his claims, the undersigned Magistrate Judge recommends that Johnson's claims be DISMISSED WITH PREJUDICE for failure to prosecute under Federal Rule of Civil Procedure 41(b).  This Report and Recommendation is based on the following facts and principles of law.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

Johnson, by counsel, filed this discrimination lawsuit against Andover on May 8, 2020, in Allen Superior Court, and Andover subsequently removed the case here.  (ECF 1, 2).  On August 26, 2020, Johnson filed an amended complaint, and Andover filed its answer and a

counter-claim for attorney fees and costs under state law.[1]  (ECF 7, 8).  On September 28, 2020, the Court conducted a preliminary pretrial conference, setting a discovery deadline of May 3, 2021, which was later extended to August 27, 2021.  (ECF 17, 18, 20, 22).

On August 10, 2021, Johnson's counsel filed a motion to withdraw on the basis of "an irretrievable breakdown in the attorney-client relationship."  (ECF 23 ¶ 1).  The Court set the motion for a hearing on August 19, 2021, ordering Johnson, his counsel, and Andover's counsel to appear telephonically.  (ECF 27).  While both counsel appeared at the August 19th hearing, Johnson did not.  (ECF 28).  Due to Johnson's failure to appear, the Court set a show-cause hearing and a hearing on the motion to withdraw for September 1, 2021, ordering Johnson, his counsel, and Andover's counsel to appear telephonically.  (*Id.*).  The Court also issued a Notice and Order that directed Johnson to appear telephonically at the September 1st hearing and show cause why he should not be sanctioned for his failure to appear at the August 19th hearing. (ECF 29).  Johnson was cautioned in the Notice and Order that his failure to appear at the hearing could result in sanctions, up to and including dismissal of his claims.  (*Id.*).

At the September 1st hearing, Johnson, his counsel, and Andover's counsel all appeared telephonically.  (ECF 30).  The Court addressed Johnson's past failure to appear and the motion to withdraw, directed Johnson and his counsel to meet at counsel's office in an effort to resolve their issues, and set the matter for a telephonic status conference on September 8, 2021.  (*Id.*). Johnson was ordered to appear telephonically at the September 8th conference.  (*Id.*).

At the September 8th conference, both counsel appeared but Johnson did not.  (ECF 31).

---

[1] More specifically, Andover filed a counter-claim against Johnson seeking to recover its attorney fees and costs under Indiana Code § 34-52-1-1 on the grounds that Johnson's claims are "frivolous, unreasonable, groundless, and . . . [made] in bad faith."  (ECF 8 at 5).

Johnson's counsel reported that Johnson also failed to appear at a meeting with him prior to the hearing. (*Id.*). Accordingly, the Court again set the matter over for a show-cause hearing and a hearing on the motion to withdraw on September 21, 2021. (*Id.*). The Court issued a second Notice and Order that directed Johnson to appear telephonically at the September 21st hearing and show cause why he should not be sanctioned for his failure to appear at the September 8th hearing. (ECF 32). Johnson was cautioned in the Notice and Order that his failure to appear at the September 21st hearing could result in sanctions, up to and including dismissal of his claims. (*Id.*).

Johnson, however, failed to appear at the September 21st hearing. (ECF 34). His counsel's motion to withdraw remains under advisement. (*Id.*).

## II.  DISCUSSION

A district court has authority under Rule 41(b) to dismiss a case *sua sponte* for lack of prosecution. *See James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005). "A court may infer a lack of prosecutorial intent from such factors as the withdrawal of an attorney, the failure to appear at a scheduled hearing, and a failure to appear on time." *GCIU Emp'r Ret. Fund v. Chi. Tribune Co.*, 8 F.3d 1195, 1199-1200 (7th Cir. 1993). "While [the Seventh Circuit Court of Appeals has] held that a single missed filing deadline or status hearing does not support dismissal for failure to prosecute, [it has] upheld dismissal for plaintiffs who fail to attend multiple hearings and have been warned of the possibility of dismissal." *McInnis v. Duncan*, 697 F.3d 661, 664 (7th Cir. 2012) (internal citations omitted) (collecting cases).

Here, despite this Court's Orders requiring his telephonic presence, Johnson failed to appear telephonically at the August 19th hearing on his counsel's motion to withdraw, the

September 8th status conference, and the September 21st show-cause hearing. The Court explicitly warned Johnson in its Notice and Order dated September 9, 2021, that his claims may be dismissed if he failed to appear at the show-cause hearing on September 21, 2021. (ECF 32). This was the second of such warnings issued to Johnson, as the Court had previously warned him in its Notice and Order dated August 19, 2021, about the potential consequences of failing to appear at a Court show-cause hearing—including dismissal of his claims against Andover. (ECF 29). As such, the Court has explicitly warned Johnson of the possibility of dismissal of his claims. *See McInnis,* 697 F.3d at 664; *see also Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004) ("We have repeatedly held that a district court ordinarily may not dismiss a case for want of prosecution without first providing an explicit warning to the plaintiff." (citations omitted)).

Accordingly, in the interests of judicial economy, and given Johnson's repeated failure to comply with the Court's Orders and his apparent disinterest in pursuing his claims, the undersigned Magistrate Judge finds that dismissal of Johnson's claims for failure to prosecute is appropriate. Because Andover's state-law counter-claim for costs and attorney fees is based on supplemental jurisdiction (ECF 8 ¶ 1), Andover's counter-claim should be dismissed without prejudice subject to refiling in state court. *See Groce v. Eli Lilly & Co.*, 193 F.3d 496, 599-501 (7th Cir. 1999) ("[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial.").

### III. CONCLUSION

For the foregoing reasons, the undersigned Magistrate Judge recommends that Johnson's claims against Andover be DISMISSED WITH PREJUDICE for failure to prosecute.

4

Additionally, it is recommended that Andover's supplemental counter-claim be DISMISSED WITHOUT PREJUDICE subject to refiling in state court.  The Clerk is directed to send a copy of this Report and Recommendation:  (1) to Johnson via certified mail at his last known address: 2526 Smith Street, Fort Wayne, IN 46803; and (2) to both counsel of record.  Johnson's counsel is further ORDERED to send a copy of this Notice and Order to Johnson via at least two modes of communication.

NOTICE IS HEREBY GIVEN that within fourteen days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings or recommendations.  Fed. R. Civ. P. 72(b).  FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.  *See Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

SO ORDERED.

Entered this 30th day of September 2021.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge